[Crim. No. 1408. Second Appellate District, Division Two.—July 23, 1926.]

In the Matter of the Application of DONALD GIBSON for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—INSANITY—TRIAL—HABEAS CORPUS.—The defense of insanity is not available on *habeas corpus* to secure petitioner's release from custody while awaiting trial on a criminal charge, but is a matter of defense to be urged at the trial.

[2] ID. — COMMITMENT FOR INSANITY PENDING TRIAL ON CRIMINAL CHARGE—ESCAPE—CRIME COMMITTED IN ANOTHER COUNTY—PLACE OF TRIAL — JURISDICTION. — Where a defendant, pending trial on a criminal charge in the superior court of one county, was adjudged insane and committed to a state hospital, from which he escaped and perpetrated a crime in another county, the superior court of the latter county is entitled to try the defendant on the charge pending against him in that jurisdiction, without waiting until after a trial has occurred in the first jurisdiction.

---

(1) 29 C. J., p. 45, n. 61.      (2) 16 C. J., p. 148, n. 29 New.

PROCEEDINGS on Habeas Corpus to secure petitioner's release from custody while awaiting trial in one jurisdiction for a crime committed therein after escape from a state hospital for the insane, to which he was committed by the Superior Court of another jurisdiction. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Fred H. Thompson for Petitioner.

---

1. See 13 Cal. Jur. 239.

Ernest R. Utley, District Attorney, for Respondent.

WORKS, J.—Petitioner, while under a criminal charge pending in the superior court in and for the county of Los Angeles, was adjudged insane and was committed to a state hospital, the commitment reciting that he was to be returned to that tribunal upon his discharge from the hospital. After his commitment to the institution petitioner effected an escape and found his way to the county of Imperial. He is now in the custody of the sheriff of the last-named county awaiting trial in the superior court there upon a criminal charge arising from acts alleged to have been committed by him after his arrival in that jurisdiction.

Petitioner contends for his release from his present custody, and for an order requiring the sheriff to deliver him to the state hospital, on the ground that he is now insane. Under the return an issue is made as to petitioner's present condition of mind, but we find it unnecessary to decide that question, although evidence has been submitted to us upon it. If petitioner's present insanity is admitted as a basis for argument, we think he is not entitled to a release from the custody of the sheriff on that ground.

[1] Respondent contends that the fact that petitioner is insane, if in truth he be so, cannot be availed of by him in this proceeding. It is insisted that his alleged insanity is merely a matter of defense to be urged at the trial of the charge pending against him in Imperial County. The soundness of this contention seems to be well established. "When a person is charged with crime by information or indictment, if the defense of insanity exists, it must be presented to the court having jurisdiction of the cause, and the decision of that court is final against any collateral attack. If an appeal is taken the appellate court may consider the question. Its decision thereon, when it becomes final, if it affirms the judgment, puts the case beyond further consideration by any court. So far as the legality of the sentence for the crime charged is concerned, *habeas corpus* does not lie unless the lack of jurisdiction appears on the face of the record of conviction. If it does not so appear the jurisdiction will be presumed. These propositions also apply to the question whether the court had authority to proceed with the trial

of the criminal charge upon the claim that he was at that time of unsound mind'' (*In re Stevenson*, 187 Cal. 773 [204 Pac. 216]). Some of the reasons for the rule thus announced are to be found in the opinion of the court in the case of *People* v. *Prosser*, 56 Cal. App. 454 [205 Pac. 869].

[2] Petitioner says that the state hospital, while he was confined therein, retained the custody of his person as the agent, in effect, of the superior court in and for the county of Los Angeles, and that we must now order his return to the institution so that the agent may redeliver him to the principal upon his restoration to capacity. It is said that the superior court of the county of Imperial may not try petitioner on the charge pending against him in that jurisdiction until after a trial has occurred under the charge pending in the superior court in and for the county of Los Angeles. In other words, it is said that for the present the last-named court, and that court alone, at least under the conditions shown in the present proceeding to exist, has jurisdiction to try a criminal charge against petitioner.

Questions similar to the one thus suggested by petitioner, and stated in these various forms, have arisen most frequently under claims of conflicting jurisdiction between state and federal courts. In a proceeding decided in a state court it appeared that one Mackin had been convicted by one of the trial courts of the jurisdiction and that he was under confinement in a state prison pursuant to sentence imposed upon the conviction. At the time when the charge was preferred against him which brought about these results he was under indictment in a federal court and had been released on bail. Pending his confinement in the state prison he sued out a writ of *habeas corpus* in the state court. In passing upon the merits of his claim for a release from custody the court said: ''There is no pretense in the petition that the time for which Mackin was sentenced to the penitentiary has expired. The period was five years. It appears from the record of this court, and the petition and papers before us, that Mackin was tried in the circuit court of Cook County for the crime of perjury. The court that tried him had unquestioned jurisdiction of the offense. It is not claimed in the argument for this petition that that is not the fact. The record also affirmatively shows that Mackin was present in court during the trial from day to day; that he there was

present, and received the judgment of the court—so that there was jurisdiction over his person, and that alone would seem to be sufficient to answer the prayer of this writ. He is convicted by a court of competent jurisdiction, sentenced to the penitentiary for a term of years. There is jurisdiction of his person, and he is now there under the judgment of the court. . . . It is claimed, however, on the part of the petitioner, that although Mackin was personally present in court during the trial of the cause, although there was actual control of his person, still, that the fact that he had been previously arrested, and had previously given bail for his appearance in the United States circuit court, rendered that presence, as to him and as to the conviction which followed, a fraud upon the law and a nullity, so that, in construction of law, there was no jurisdiction of the person. We are not able to coincide in this view. We concede the position established by the numerous authorities that are referred to in the petition, that where a party commits offenses against two or more jurisdictions, the jurisdiction first obtaining custody of the defendant is entitled to proceed and try him. That, however, is a matter more of comity, and in order to avoid unseeming strife between conflicting jurisdictions, than as a matter of right to the defendant. We do not recognize that a defendant who is guilty of crime has a constitutional, statutory, or common-law right absolutely to be tried for one offense before he is tried for another offense'' (*Mackin* v. *People* (Ill.), 8 N. E. 178). Under a state of facts exactly similar to those shown in *Mackin* v. *People, supra,* the same question arose upon a petition for the writ of *habeas corpus* in a federal court. It was said in deciding the point: ''Has the accused, whose alleged malefactions have brought him within the range of two jurisdictions, the right to select the one to which he will first respond? When the questions involved in this case were argued by counsel representing the accused and his sureties on one side, and opposed by counsel representing the state authorities on the other, the United States attorney was in court, but made no suggestion that the United States desired the presence of the accused in this court in advance of the hearing in the state court. There is therefore no actual present conflict of judicial action, except such as the accused and his sureties seek to create by the present proceedings. . ... When the

United States Attorney desires the presence of the defendant in this court, the latter may be able to respond in person, or, if he still be detained in prison, he may be surrendered to the United States marshal by the state authorities upon notice that the defendant is required in this court to answer the indictment. If, at that stage of the proceedings, any actual conflict of jurisdiction arises, it will be time enough then to consider what action should be taken to secure a proper enforcement of the law, bearing in mind the declaration of the Supreme Court of the United States in *Covell* v. *Heyman*, 111 U. S. 176, 182 [28 L. Ed. 390, 4 Sup. Ct. Rep. 355], 'that the forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord, but between the state courts and those of the United States it is something more. It is a principle of right and law, and therefore of necessity. It leaves nothing to discretion or mere convenience.' The writ will be discharged, and Fox remanded to the custody of the chief of police of Oakland'' (*In re Fox*, 51 Fed. 427). In a later *habeas corpus* proceeding, under a similar state of facts, a federal court said: ''In the present application no motion is made by the United States. The physical custody of the defendant has been given up, and a contract on the part of the defendant to appear, and on the part of his surety to produce him, at a certain time, has been accepted, with the approval of the United States court in the Pennsylvania district. No rights would seem to be violated by the exercise of the jurisdiction which the state courts of Kings county have exercised over the subject matter of the case and over the person of the defendant, and all questions which may arise in Philadelphia, in the event of a trial in Kings county, and sentence (if conviction should result), can then be satisfactorily disposed of. If the presence of the defendant in Philadelphia were demanded by the United States, and if the ends of justice seemed so to require, it is believed that this court, in the exercise of its discretion could enforce the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, and compel the return of the defendant for such further proceedings as

might there be proper; but under the existing conditions of the case the exercise of this discretion is unnecessary, and the defendant or petitioner is not entitled to ask as a right what does not seem to be proper as a matter even of discretion'' (*Ex parte Marrin*, 164 Fed. 631). The effect of a later decision is stated in a syllabus prepared by the court, thus: ''A party charged with a criminal offense under the state laws and admitted to bail may, while out on bail, be arrested by the federal authorities without violating the comity existing between the two jurisdictions, but the state court, if it so desires, may insist upon the jurisdiction previously obtained and procure the principal from the possession of the federal authorities for the purpose of trial. The principal and his sureties, however, do not enjoy this same privilege; they cannot elect that the principal be tried by the state courts and thereby oust the federal court of its jurisdiction'' (*Metcalf* v. *State*, 57 Okl. 64 [L. R. A. 1916E, 595, 156 Pac. 305]). We quote from the syllabus of a still later case as stating fairly the purport of the court's opinion: ''That a person is under sentence of imprisonment in the state of New York, but has been paroled within the state, under the state statute by which he is still subject to imprisonment for the remainder of his term for violation of his parole, does not exempt him from being arrested and taken to another state to serve a sentence imposed on him by a federal court there, where no objection is made by the court or authorities of New York; the question of priority of jurisdiction being one of comity, and not one of personal right in the defendant'' (*United States* v. *Marrin*, 227 Fed. 314).

The point presented by petitioner has sometimes arisen in cases involving an asserted claim of conflicting jurisdiction between counties in the same state. In one of these the question arose, somewhat indirectly it is true, between the two courts, but the higher tribunal to which the question was carried used language in its opinion which tends to indicate that the point is one which may not be resorted to by the individual whose custody is involved, thus: ''If the principle be once admitted that for some misdemeanor another court may take away, even temporarily, the right of the first court to proceed against a person charged with

felony, the result will be a most disastrous interference with the orderly administration of justice. Persons charged with a felony will readily avail themselves of the principle to obtain continuances and vexatious delays in their trials. A man under indictment for a felony in one county would step over into an adjoining county and commit some insignificant offense, and be incarcerated in the jail of that county until the term at which he was to be tried for the felony had passed. A departure from the rule of according to the court having the jurisdiction of a criminal the right to proceed to try him, and the adoption of the contrary principle, that this jurisdiction, though first acquired, may be interfered with until divers and sundry minor offenses be disposed of, would indeed be injurious to the proper administration of the criminal law'' (*Boone* v. *Riddle* (Ky.), 86 S. W. 978]). In another case involving a conflict between the jurisdiction of courts in different counties of the same state we make an extract from the syllabus prepared by the court: ''A person in the custody of one authority or court has no legal interest in the question as to whether another authority or court has the right to arrest him. Such a question concerns only the two opposing authorities or courts'' (*Ex parte Bustillos,* 26 N. M. 449 [194. Pac. 886]).

We conclude that petitioner is in no position to rely upon the point which he presents. It would be strange, indeed, reflecting for a moment upon the language of the court in *Boone* v. *Riddle, supra,* if petitioner were under a charge of murder in Imperial County and could nevertheless insist upon the trial of a minor charge pending against him in Los Angeles County before he could be tried in the former jurisdiction for the more serious crime alleged to have been committed there, yet that is a contention to which his argument legitimately leads. It is plain under the authorities that petitioner has not the slightest interest in such a question.

Writ discharged. Petitioner remanded to the custody from which he comes.

Finlayson, P. J., and Craig, J., concurred.