[Crim. No. 758. Fourth Dist. Aug. 27, 1951.]

THE PEOPLE, Respondent, v. WILLIAM H. KNIGHT, Appellant.

William H. Knight, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was arrested by the police officers of San Diego and charged with the crime of issuing a check without funds. On March 22, 1949, he was duly arraigned in the superior court in San Diego and entered a plea of guilty. On March 28th, the time fixed for pronouncement of judgment, appellant was again informed of the nature of the charge against him and of his plea of guilty thereto and was asked by the court if he had any legal cause to show why judgment should not be pronounced against him. When he replied he had none, the court sentenced him to the state prison for the term prescribed by law. Execution of the

commitment was stayed until March 30, 1949, on which day the "stay was terminated" and the sheriff was ordered to carry out the terms of the commitment.

On March 29th, appellant, at his request, was taken before the District Court of the United States in San Diego and there informed that an indictment had been filed in that court charging him with a violation of the laws of the United States. Appellant thereupon entered a plea of guilty to the charge, was given a sentence of four years in a federal institution, committed to the custody of the Attorney General of the United States and in due time was incarcerated in the United States penitentiary at McNeil's Island, Washington.

On January 22, 1951, appellant filed in the superior court a "motion to vacate sentence." This motion was denied and in March, 1951, appellant filed a petition for a writ of error *coram nobis* in the said superior court. After a hearing was had thereon, the petition was denied and this appeal followed. Appellant's verified petition, which was the only evidence presented by him at the time of the hearing, contains allegations that petitioner, after his arrest on the check charge, was visited by a deputy district attorney "for the purpose of arranging a deal, i.e., if petitioner would not retain counsel to defend himself, a light sentence was in the offing"; that petitioner, relying upon the advice of the prosecutor, waived counsel and entered a plea of guilty on March 23, 1949; that five days thereafter the court pronounced sentence upon petitioner but ordered a two-day "stay of execution"; that pursuant to the two-day stay of execution, petitioner was taken to the United States District Court where he entered a plea of guilty to a federal offense and was sentenced to a period of four years therefor; that on March 30th he was brought back before the superior court and advised that the court had no other alternative than to impose the maximum sentence provided by law for violation of section 476a of the Penal Code; that petitioner was subsequently taken by the United States marshal and placed in the federal penitentiary to serve the aforementioned four-year sentence.

Appellant's contentions are that the superior court lost jurisdiction to impose sentence upon him; that he was "coerced" by the prosecutor to plead guilty; that he was not represented by counsel; and that he did not realize the significance of entering a plea of guilty to the check charge.

The contention that the superior court lost jurisdiction to impose sentence is apparently based on the theory that since

the defendant was first arrested by the sheriff of San Diego County and then turned over to the federal authorities, the state lost jurisdiction to proceed in the matter. This contention is without merit. ▮ The crime with which the appellant was charged was violation of section 476a of the Penal Code, a felony. The superior court in San Diego County had jurisdiction to try, convict and sentence the appellant for the commission of this offense. (Cal. Const., art. VI, § 5.) ▮ The record shows that at the time of his arraignment in the state court, the appellant was in the custody of the United States marshal. It is not clear whether such was true at the time sentence was imposed. However, the state was authorized to insist upon its jurisdiction and to procure the appellant from the possession of the federal authorities for the purpose of trial. (*In re Gibson*, 78 Cal.App. 794, 799 [248 P. 1046].) Under the facts presented by the record, we must assume that the appellant was in the state court with the consent of the proper federal authorities. ▮ There is no merit in the claim that the state court did not acquire jurisdiction of appellant's person. While it may be true that after appellant's sentence by the federal court and until the end of his term and discharge no state court could assume control over his body without the consent of the United States, where, as here, he was produced in the state court and was personally present there, with full opportunity to make his defense, jurisdiction of his person was had by the superior court exactly as if he had been brought before that court by its own officer. (*People v. Sichofsky*, 58 Cal.App. 257, 261, 262 [208 P. 340].)

▮ The trial court apparently gave no credence to appellant's allegations that he had been told by a deputy district attorney that if he would not retain counsel to defend himself, a light sentence would be given to him, and that relying upon such advice of the deputy district attorney, he waived his right to counsel and pleaded guilty to the charge. The trial court was not bound to believe these allegations. (*People v. Kirk*, 98 Cal.App.2d 687, 692 [220 P.2d 976] ; *People v. Bailey*, 105 Cal.App.2d 150, 153 [232 P.2d 518] ; *People v. Curtis*, 104 Cal.App.2d 219, 223 [230 P.2d 877] ; *Lohman v. Lohman*, 29 Cal.2d 144, 149 [173 P.2d 657].) At the time the appellant was in the state court for pronouncement of judgment he made the following statement to the court:

"That is why I came over to plead guilty. I have been here a month. They will take you here and take you there. I said I would plead guilty if you tried me and sentenced me.

That is the only reason. I didn't plead guilty to lie around in the County Jail. If I had to do that, I would have stood trial. I don't appreciate lying over in that jail day after day. I will plead guilty to the Federal charge if they will just take me up and let me plead.''

After appellant had been sentenced, and after he had pleaded guilty in the federal court to another crime and been sentenced there, he made the following statement in the superior court in San Diego:

''. . . I figured I would get some break if I came up here and pleaded guilty. I wanted to cause the state the least amount of expense I could. I didn't want to plead guilty and now when I go up to Quentin I am going to have to do eighteen months. I am a loser. You can't hit that Parole Board before eighteen months.''

It is apparent that the trial court was fully justified in not believing the assertion of appellant in view of his statements and conduct in court at the time sentence was pronounced and in view of his previous convictions of felony charges. (*People* v. *Kirk,* 76 Cal.App.2d 496, 499 [173 P.2d 367].)

From the transcript of the proceedings had in the United States court and attached to appellant's opening brief, it appears that appellant realized that he might be imprisoned as an habitual criminal, and realized that he would be compelled to serve ''a bunch of time'' in some institution. Apparently he preferred to be incarcerated in a federal institution as is evidenced by the following statement:

''The defendant: Well, I don't know. I know I am going to do a bunch of time out of it and I am trying to get the least amount possible. Now, if this Court sentences me to some institution—I think the Attorney General is the one that sentences me to some institution—if I get a sentence from you and the State, why, I will let you fight it out. I would just as soon do it for the Government as for the State.''

The record amply supports the position of the trial court that the defendant fully realized the significance of entering a plea of guilty to the information and that he was in no wise coerced to enter such plea. ▮ The right to be represented by counsel may be surrendered or waived. (*People* v. *Jewett,* 84 Cal.App.2d 276, 280 [190 P.2d 330]; *In re Jingles,* 27 Cal.2d 496, 498, 499 [165 P.2d 12].) Appellant does not contend that he was not advised of his right to counsel by the committing magistrate nor that he did not waive his right

thereto and no record of the proceeding before that judge has been included in the record before us. Appellant does not assert that he requested or was denied counsel.

■ A showing of diligence is prerequisite to the availability of relief by petition for a writ of error *coram nobis*. (*People* v. *Shorts*, 32 Cal.2d 502, 512 [197 P.2d 330] ; *People* v. *Krout*, 90 Cal.App.2d 205, 209 [202 P.2d 635].) The judgment in the state court was entered March 28, 1949, and the application for the writ was filed in the superior court March 16, 1951, and no reason is given for the delay in filing such application.

Order affirmed.

Barnard, P. J., and Griffin, J., concurred.