[Crim. No. 5203. Second Dist., Div. Two. Sept. 8, 1954.]

THE PEOPLE, Respondent, v. IVAN LINDBERG McGEE et al., Defendants; RICHARD NEAL SHEPPARD, Appellant.

[Crim. No. 5204. Second Dist., Div. Two. Sept. 8, 1954.]

THE PEOPLE, Respondent, v. ROBERT LEE TURRELL et al., Defendants; RICHARD NEAL SHEPPARD, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

FOX, J.—Appellant, with three other defendants, was charged in an information with five counts of armed robbery. In another information he was charged, together with two other men, with three counts of the same offense. It was also alleged that appellant had suffered two prior convictions for which he had served time in the state prison. After entering a plea of not guilty, appellant, who was represented by counsel, changed his plea to guilty to one count in each information. He admitted being armed with a deadly weapon at the time the robberies were committed but denied the prior convictions. Appellant then changed attorneys and made a motion to withdraw his plea of guilty. This motion was denied and the court found the allegations of his prior convictions to be true. Probation was denied and appellant was sentenced to the state prison on February 25, 1954. Thereafter, on March 17, appellant renewed his motion to set aside his plea of guilty. This motion was also denied. The cases having been consolidated for that hearing, he appeals from the order denying this latter motion.

Since the order from which this appeal is taken was made after judgment and there was no motion to vacate the judgment, the proceeding will be treated as in the nature of a writ of error *coram nobis.*

Appellant's sole contention is that the "Court abused its discretion in not setting aside the plea of guilty." There is no merit in this contention.

It is settled that the decision in a matter of this character rests in the sound discretion of the trial court and that its action will be upheld unless a clear abuse of such discretion is shown. (*People* v. *Griffin,* 100 Cal.App.2d 546, 548 [224 P.2d 47].)

At the time appellant pleaded guilty he told the

court he was doing so freely and voluntarily, and because he was in fact guilty of the charges. He later denied his guilt to the probation officer and stated to him that he had been "threatened with the Habitual Criminal Act" by the district attorney's office. At the hearing on his motion he acknowledged this was not correct; that he "meant the public defendant's office" which represented his codefendants, but on further questioning by the court he stated that "no one from the public defender's office talked to" him; that he got the story from one of his codefendants. It is significant, however, that in his affidavit filed some weeks after his change of plea appellant made no reference to the Habitual Criminal Act nor does he mention any report from his codefendants that this act was to be invoked against him.

In his affidavit in support of his motion appellant asserted his innocence. As to one count to which he pled guilty he claimed he "was in Santa Monica celebrating a birthday party with several other people" on the date of the commission of that offense. He did not, however, present either the affidavit or testimony of any of these "several" people in support of his asserted alibi. Relative to the other count to which he pled guilty he related a story as to how he got involved in that incident resulting in his being shot in the leg which would, to say the least, tax the credulity of any reasonable person.

Appellant's position in his affidavit is that he "was persuaded to plead guilty" by his codefendants "because in that way they could get a better deal for their own cases" and that he "had been informed that it was possible for him to secure probation on this charge" whereas probation was barred by law. At the hearing on March 17th, appellant told the court he was forced into entering a plea of guilty by circumstances, viz., that the cases could not be disposed of unless all defendants entered a plea of guilty. There was considerable conflict, which the trial court noted, between the testimony which appellant gave at this hearing and that which he had given at the previous hearing on his motion on February 25th. Appellant points out that no counteraffidavits were filed, and that his testimony to the effect that unless all defendants pled guilty the "deal" could not be consummated was not rebutted, and that certain of his other testimony also was not rebutted.

It is apparent, however, that the trial court was fully justified in not giving credence to the assertions of appel-

lant, even though uncontradicted, in view of his obvious interest in the matter, the inconsistencies and the contradictions in his testimony, and his previous convictions. (*People* v. *Knight*, 106 Cal.App.2d 312, 315 [234 P.2d 992].)

Appellant's former counsel testified there were no promises or threats of any kind in connection with this case.

The order in each case is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 6, 1954.