Filed 11/4/14  P. v. Crosby CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F068084 |
| v. | (Super. Ct. No. BF146351A) |
| KAREEM CROSBY, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Kane, J., and Franson, J.

Defendant Kareem Crosby was convicted by no contest plea of petty theft with a prior (Pen. Code, § 666, subd. (b)).[1] On appeal, he contends the trial court erred in denying his motion to withdraw his plea. We affirm.

## PROCEDURAL SUMMARY

On January 23, 2013, the Kern County District Attorney charged defendant with second degree robbery (§ 212.5, subd. (c); count 1) and petty theft with a prior (§ 666, subd. (b); count 2). The complaint further alleged defendant had suffered two prior strike felony convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and two serious felony convictions (§ 667, subd. (a)), and had served four prior prison terms (§ 667.5, subd. (b)).

On February 5, 2013, defense counsel declared a doubt as to defendant's competency, and the trial court suspended criminal proceedings pursuant to sections 1367 and 1368.

On March 26, 2013, the trial court found defendant competent to stand trial pursuant to section 1368 and reinstated criminal proceedings.

On April 9, 2013, defendant pled no contest to petty theft with a prior and admitted suffering two prior strike felony convictions and serving two prior prison terms.

On June 10, 2013, the date set for sentencing, defendant moved to relieve his public defender. The trial court granted the motion, appointed new counsel, and continued the case.

On July 31, 2013, defendant moved to withdraw his plea. On August 23, 2013, the trial court denied the motion and sentenced defendant to an eight-year prison term, according to the plea agreement.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

## DISCUSSION

Defendant contends his no contest plea was not knowing, intelligent, and voluntary because he was not taking his required mental health medication at the time he entered the plea and because defense counsel failed to properly and adequately investigate and advise him about a possible defense of not guilty by reason of insanity (NGI). Accordingly, he contends the trial court erred by denying his motion to withdraw the plea.

### I. *Background*

At the hearing on the motion, defendant did not present testimony, but submitted the matter on the declarations attached to his motion and on his mental health evaluation performed on September 20, 2011, by the Department of Corrections and Rehabilitation (Turning Point), which included a diagnosis of bipolar disorder, depression, and cocaine dependence.

#### A. Defendant's Declaration

Defendant's declaration in support of the motion stated:

"1. When I was arrested in this case I had been diagnosed with Bi-Polar condition and have [*sic*] not had my required medication.

"2. During my parole I was supervised as EOP (enhanced out patient) requiring psychiatric monitoring and medication. At the time of the offense, I was not being supervised by parole and not able to obtain my required mental health care.

"3. My appointed Public Defender did not have any meaningful discussion regarding my case and the possible defenses, specifically any inquiry into my mental health at the time this offense occurred.

"4. At the time I entered my plea, I was not fully aware of all of the circumstances and likely consequences of my plea.

"6. [*sic*] [My new counsel] has informed me of the procedure and consequences of making my motion to withdraw my plea. He has advised me of the strong possibility of receiving a sentence of 25 years to life in

3

prison.  He has strongly advised me against withdrawing my plea.  After being advised, I still wish to proceed, and I have asked him to file the motion on my behalf.

"7.  I am willing to waive time to allow my case to be reinstated so that I can fight my case to a jury."

## B.    New Counsel's Declaration

Defendant's new counsel's declaration in support of the motion stated that after counsel's appointment, he met and interviewed defendant, at which time defendant told him the following:  he had an extensive history of mental illness; he had ongoing psychiatric problems and need for medication; at the time of the offense he was not on his required medication, which seriously altered his perception of reality to the degree that he was not fully aware of his surroundings or his actions; and he wanted to withdraw his plea.  Counsel declared he had subpoenaed defendant's mental health records.  He declared he had advised defendant that if he successfully withdrew his plea, he would subject himself to a 25-year-to-life prison sentence, and counsel strongly advised him not to proceed due to "the very strong possibility of a life sentence under the Three Strikes Law."

## C.    Hearing and Ruling

At the hearing on the motion, the following occurred:

"[NEW COUNSEL]:  Just, Your Honor, basically the gist of my position on [defendant's] case is that it should have been—it should have been evaluated on a [section] 1017, but it never was, and without having that evaluation from a professional, I believe that [defendant's] case was not handled efficiently and effectively and the opportunity to address whether or not that was—NGI defense was viable or not[—]never occurred.

"THE COURT:  Counsel?

"[PROSECUTOR]:  Your Honor, I'll submit on the Court's file and note the [section] 1368 was requested back in February, and there was a return on that and proceedings persisted, and simply that [defendant] is very

4

familiar with these proceedings, he knows what he's doing, Your Honor, and with that I would submit.

"THE COURT: Oh, I don't know the latter. I'm just looking at what's presented to me here and the legal requirements for a motion to withdraw plea, and I—I'm sorry, I should give you one final opportunity, [new counsel], in reply. I heard the People's argument first because they had not submitted a written opposition, so I listened to that. But you are the moving party. You gave me your argument, I heard from counsel, I'll hear your final words.

"[NEW COUNSEL]: Your Honor, I have nothing more to submit to the Court.

"THE COURT: Thank you. Then I'm prepared to rule. [¶] Based on everything that I have before me and what's been submitted to me, I do not believe that this motion meets the clear and convincing standard for a motion to withdraw a plea; so I would deny the motion."

## II.   *Denial of Motion to Withdraw Guilty Plea*

Section 1018 provides: "On application of the defendant at any time before judgment …, the court may, … for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted…. This section shall be liberally construed to effect these objects and to promote justice." The defendant has the burden to show, by clear and convincing evidence, that good cause exists for withdrawal of his or her guilty plea. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416 (*Breslin*).) "[T]he defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress. [Citation.]" (*Breslin, supra,* at p. 1416.) "[C]lear and convincing evidence denotes proof that is clear, explicit, and unequivocal and leaves no substantial doubt. [Citations.]" (*People v. Yovanov* (1999) 69 Cal.App.4th 392, 402.) "[It] requires a finding of high probability [that it is true]," and is "'"'sufficiently strong to command the unhesitating assent of every reasonable mind.'"' [Citation.]" (*In re Angelia P.* (1981) 28 Cal.3d 908, 919.) The trial

5

court is not bound to accept the defense assertions, even if uncontradicted, and is certainly not required to accept contentions that are refuted. (*People v. Knight* (1951) 106 Cal.App.2d 312, 315.)

"The decision to grant or deny a motion to withdraw a guilty plea is left to the sound discretion of the trial court. [Citations.]" (*Breslin, supra,* 205 Cal.App.4th at p. 1416.) "'"Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged." [Citation.]' [Citation.]" (*People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096.) "It is entirely within the trial court's discretion to consider its own observations of the defendant in ruling on such a motion. [Citation.] The court may also take into account the defendant's credibility and his interest in the outcome of the proceedings. [Citations.]" (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 918 (*Ravaux*).) "'A plea may not be withdrawn simply because the defendant has changed his [or her] mind.' [Citation.]" (*Breslin, supra,* at p. 1416.)

"'A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion.' [Citations.] 'Moreover, a reviewing court must adopt the trial court's factual findings if substantial evidence supports them.' [Citation.]" (*Breslin, supra,* 205 Cal.App.4th at p. 1416.)

Defendant claims his plea was not intelligent, knowing, and voluntary because he was not taking his required medications for his mental health problems at the time he entered the plea. The only evidence he presented on this ground was the 2011 Turning Point mental health evaluation and his own declarations that he had been diagnosed with bipolar disorder, had not been taking his medication, and was not fully aware of all circumstances and likely consequences of his plea when he entered it. Thus, the sole evidence that defendant's judgment was affected by a lack of medication at the time of the plea was defendant's self-serving assertions in support of his motion to withdraw the plea, which were contrary to the position he took under oath at the time he entered the

6

plea when he initialed and signed the plea form and assured the court he understood the form and the consequences of his plea. This did not amount to clear and convincing evidence of his impairment at the time of the plea. Furthermore, the judge who heard defendant's motion had also taken defendant's plea, and he was in a good position to gauge, from his observations, whether or not defendant's declarations were credible. (*Ravaux, supra,* 142 Cal.App.4th at p. 918.) The court impliedly found, based on the evidence and its own observations, that defendant "was not impaired to the point that his independent judgment was overcome at the time he entered the [no contest] plea." (*Ibid.*) The court was not required to believe defendant's self-serving statements to the contrary. The record supports the trial court's implied conclusions that defendant understood the choice he made and what he was giving up in exchange, and that he knowingly, intelligently, and voluntarily pled no contest. The trial court did not abuse its discretion.

## III. *Ineffective Assistance of Counsel*

A criminal defendant is constitutionally entitled to effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Strickland v. Washington* (1984) 466 U.S. 668, 684-685 (*Strickland*).) Counsel's assistance may be ineffective if, in advising the defendant whether to accept a plea offer, he fails to inform the defendant of potential defenses to the charges. (*People v. Harvey* (1984) 151 Cal.App.3d 660, 668-671.) A defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) the deficient performance prejudiced the defendant. (*Strickland,* at pp. 687, 691-692.) "'Where, as here, a defendant is represented by counsel during the plea process and enters his [or her] plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases."'" [Citation.] 'The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the

plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial.' [Citation.]" (*Breslin, supra,* 205 Cal.App.4th at pp. 1418-1419.)

Again, defendant's own self-serving declarations were the only evidence defendant presented to support his claims that defense counsel failed to advise him of possible mental health defenses and that he was not aware of all the circumstances at the time of his plea. Nothing else in the record supports the claim that defense counsel failed to investigate or advise defendant on possible defenses. "It is well established that a defendant who raises ineffective assistance of counsel on appeal 'must establish deficient performance based upon the four corners of the record….' [Citation.]" (*Breslin, supra,* 205 Cal.App.4th at p. 1419.) Defendant has failed to do so.

But even if defendant had established that counsel's representation was deficient, we would nevertheless find no prejudice. Defendant did not assert in his declaration that he would not have pled no contest if defense counsel had advised him of possible mental health defenses. And even if he had so declared, such self-serving assertions "'must be corroborated independently by objective evidence,'" considering such matters as "'whether counsel actually and accurately communicated the offer to the defendant; the advice, if any, given by counsel; the disparity between the terms of the proposed plea bargain and the probable consequences of proceeding to trial, as viewed at the time of the offer; and whether the defendant indicated he or she was amenable to negotiating a plea bargain.' [Citation.]" (*In re Resendiz* (2001) 25 Cal.4th 230, 253, abrogated on another ground by *Padilla v. Kentucky* (2010) 559 U.S. 356.) In this case, defendant's eight-year bargain was extremely favorable compared to his 25-year-to-life exposure under the Three Strikes law. Indeed, based on "the very strong possibility" of his receiving a life sentence, his new counsel "strongly" advised him against withdrawing his plea.

8

Defendant presented no evidence that a NGI or other mental health defense might have been successful other than his 2011 bipolar diagnosis, his own declarations that he had bipolar disorder and was not able to obtain his required mental health medication at the time of the offense, and his new counsel's declaration that defendant *had informed him* that at the time of the offense his lack of medication seriously altered his perception of reality so that he was not fully aware of his surroundings or actions. This evidence was not sufficient to establish that defendant would not have pled and would have instead insisted on going to trial had defense counsel discussed possible mental health defenses with him, and it was well within the court's discretion not to believe defendant's self-serving assertions. Defendant has not shown ineffective assistance of counsel.

## DISPOSITION

The judgment is affirmed.