Filed 2/19/15  P. v. Alvarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANGEL DE JESUS ALVAREZ,<br><br>    Defendant and Appellant. | F068415<br><br>(Super. Ct. No. CRM026178)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*        Before Levy, Acting P.J., Peña, J. and Smith, J.

-ooOoo-

Defendant Angel De Jesus Alvarez pled no contest to stalking in violation of a restraining order (Pen. Code, § 646.9, subd. (b))[1] and misdemeanor battery (§ 242). He admitted serving a prior prison term (§ 667.5, subd. (b)). He moved to withdraw his plea, but the trial court denied the motion and sentenced him to a total of four years in prison. On appeal, he contends (1) the trial court erred in denying his motion to withdraw the plea to the stalking count and (2) the trial court miscalculated his presentence credits. We modify the presentence credits and affirm the judgment as modified.

## DISCUSSION

**I.     Motion to Withdraw Plea.**

Defendant contends the trial court abused its discretion by denying his motion to withdraw the plea based on newly discovered evidence, specifically letters from the victim, stating she put him in jail because she was jealous.

At the hearing on the motion to withdraw the plea, defendant presented two letters allegedly written by the victim and received by defendant in jail. He said he recognized her handwriting because she had written him letters when he was in prison in the past. In the letters, she asked him to write back to her, but he did not do so because of a restraining order prohibiting it. In the letters, she mentioned their son by name. She said she did not know why she thought it would help her get defendant back; it probably just made things worse between them. Defendant took it to mean that she lied in court and made a mistake putting him in jail. She said she had done things in the past that had hurt him and she knew they were stupid mistakes, but he would not be sorry if he gave her another chance. She said she knew she should not have put him in jail, but she was jealous. If she could not have him, she did not want anyone else to have him. Defendant

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

2.

thought she was jealous of his fiancée.  Defendant denied talking to his fiancée about writing these letters for him.

Defendant said he had received a third letter from the victim, but it was written in different handwriting that was not hers; however, he knew it was from her because of the things she said.  Maybe she did not want to get in trouble for writing a letter.

The victim testified.  She denied writing the two letters and said she had never seen them before.  She had written letters to defendant in the past when he was in prison, but she had not written these.

After considering the evidence and hearing argument from counsel, the court ruled as follows:

> "Okay.  The Court finds that as far as the letters are concerned that [the victim] did not write these letters.  [Defendant] has failed to convince the Court that [the victim] wrote the letters.  The Court finds that she did not write the letters.

> "And with respect to [defendant's] motion to set aside his plea, good cause has not been shown to set aside the pleas and there had been no mis-showing of mistake, ignorance, inadvertence.

> "And the one factor that [defendant] argued there was that there was newly discovered evidence after his plea, the newly discovered evidence was the letters allegedly written by [the victim].  I find [the victim] did not write these letters.

> "Also, so the defendant has failed to show good cause to set aside the plea, and the burden is by clear and convincing evidence which clearly has not been met."

Section 1018 provides:  "On application of the defendant at any time before judgment …, the court may, … for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted….  This section shall be liberally construed to effect these objects and to promote justice."  In general, "[m]istake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea."  (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)  However, "[a]

plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)  The defendant has the burden to show, by clear and convincing evidence, there is good cause for withdrawal of his or her guilty plea.  (*Id*. at p. 1457.)  "[C]lear and convincing evidence denotes proof that is clear, explicit, and unequivocal and leaves no substantial doubt.  [Citations.]"  (*People v. Yovanov* (1999) 69 Cal.App.4th 392, 402.)  "[It] requires a finding of high probability [that it is true]," and is """"sufficiently strong to command the unhesitating assent of every reasonable mind.'''  [Citation.]"  (*In re Angelia P*. (1981) 28 Cal.3d 908, 919.)  The trial court is not bound to accept the defense assertions, even if uncontradicted, and is certainly not required to accept contentions that are refuted.  (*People v. Knight* (1951) 106 Cal.App.2d 312, 315.)

A trial court has broad discretion in ruling on a motion to withdraw a guilty plea. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254 (*Fairbank*).)  "It is entirely within the trial court's discretion to consider its own observations of the defendant in ruling on such a motion.  [Citation.]  The court may also take into account the defendant's credibility and his interest in the outcome of the proceedings.  [Citations.]"  (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 918.)

On appeal, we must affirm the trial court's ruling, unless the defendant shows a clear abuse of that discretion.  (*Fairbank, supra,* 16 Cal.4th at p. 1254.)  In evaluating challenges to the court's ruling, we "must adopt the trial court's factual findings if substantial evidence supports them.  [Citation.]"  (*Ibid*.)  "'All questions of the weight and sufficiency of the evidence are addressed, in the first instance, to the trier of fact, in this case, the trial judge.  We cannot reverse [a court's] order if there is substantial evidence or a reasonable inference to be drawn from it which supports the order.  Where two conflicting inferences may be drawn from the evidence it is our duty to adopt the one supporting the challenged order.'"  (*People v. Harvey* (1984) 151 Cal.App.3d 660, 667.)

We are bound by the trial court's credibility determinations.  (See *Fairbank, supra,* 16 Cal.4th at p. 1254.)

Here, the trial court did not believe defendant's testimony that the two letters had been written by the victim.  The court instead believed the victim, who denied writing the letters, and we are bound by the court's credibility determination.  Accordingly, evidence of forged letters that falsely appeared to have come from the victim did not amount to any evidence of an admission by the victim that she wrongfully incriminated defendant because she was jealous of his fiancée.  Thus, defendant did not show by clear and convincing (or any) evidence that he entered his guilty plea under mistake, ignorance, or any other factor overcoming his exercise of free judgment.  The court did not abuse its discretion in denying defendant's motion to withdraw his plea.

## II.     Calculation of Credits.

The parties agree that defendant's credits were miscalculated and he should have received 158 days of actual credit and 158 days of conduct credit, rather than 154 days of each.  We will order amendment of the abstract of judgment.

## DISPOSITION

The judgment is modified to award defendant 158 days of actual credit and 158 days of conduct credit for a total of 316 presentence credits.  The clerk of the superior court is directed to prepare an amended abstract of judgment and to send a certified copy to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

5.