[Crim. No. 378. Fourth Appellate District.—March 8, 1939.]

THE PEOPLE, Respondent, v. QUIRINO MIRANDA et al., Appellants.

David C. Marcus for Appellants.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The appellants, with another man named Hernandez, were jointly charged with the crime of grand theft of an automobile. All three pleaded guilty on November 7, 1938, and applied for probation. The matter was referred to the probation officer with instructions to investigate and report on November 21, 1938. At that time the probation officer filed a report stating that each of the three defendants had had experiences which had brought them to the attention of the officers and to confinement in the county jail but recommending, in spite of the seriousness of this offense, that each be given probation under strict conditions, including some confinement in jail. The judge, after stating that he had read the report of the probation officer, proceeded to consider the matter in open court. In addition to the report of the probation officer, the reporter's transcript

contains thirteen pages of record of what was said on this occasion. The matter was rather thoroughly discussed by the court, the district attorney, counsel for the defendants and the probation officer, and the various defendants answered many questions asked of them by the court. At the conclusion of the hearing probation was denied as to each of the defendants and judgment was pronounced sentencing all three to confinement in San Quentin.

On December 10, 1938, counsel for these appellants filed a notice that on December 12, 1938, they would move for permission to withdraw their pleas of guilty and in lieu thereof enter pleas of not guilty, or that the court further consider their application for probation and grant probation to each of them. This motion was presented and argued on December 12th, supported by the affidavits of these appellants in which they set forth a story of what occurred at the time the automobile was taken which differs materially from their previous story, as given to the probation officer and to the arresting officers. In these affidavits each appellant also stated that he pleaded guilty to the charge because he was assured by his attorney that he would be given probation. After a hearing on December 12, 1938, this motion was denied and this appeal followed.

No appeal was taken from the judgment pronounced on November 21, 1938, and this appeal is from the order denying the motion for permission to change the plea, or for further consideration of the application for probation. It may well be questioned whether the trial court had authority to grant the relief asked for in the absence of a motion for a new trial and after the judgment had become final. We have, however, considered the matters presented on this appeal and find them without merit.

It is first urged that the order denying probation was based solely upon a "misapprehension of the law" on the part of the trial judge, as a result of which he believed he had no discretion in the matter but was compelled by law to deny probation. This is based upon the following situation. At the time the three defendants took the automobile in question, the one who was driving it ran into some parked cars, causing considerable property damage. At the hearing on the application for probation the appellants testified

that Hernandez had driven the car. In speaking of Hernandez, the court remarked that since he ran into another car while he was drunk he had committed another felony. Later on, after Hernandez had testified that he had not been the driver of the car, the court, in pointing out that he could not tell which of the three had driven the car, again stated that two felonies had been committed. The appellants now point out that the court was in error in stating that two felonies had been committed, since no bodily injury had resulted and, under the statute, the crime of driving while intoxicated was merely a misdemeanor. It is then argued that but for this error the court would have granted probation and that this case falls squarely within the rule laid down in *People* v. *Jones,* 87 Cal. App. 482 [262 Pac. 361], and *People* v. *Lovelace,* 97 Cal. App. 228 [275 Pac. 489].

In both of those cases the court had refused to consider the application for probation. In the instant case, such an application was thoroughly considered. The remarks made by the court at the hearing were quite lengthy and it not only appears that the court's discussion of the fact that two crimes had probably been committed was limited to his inquiry into the question of whether he should, under the circumstances, give a lighter punishment to the two who had not actually driven the automobile than that given to the driver thereof, but the entire record indicates that the court did not for a moment doubt that under the law he had the power to grant probation if he chose to do so. It appears beyond question that his entire consideration was directed to the question of whether or not he ought to grant probation. He went into this question with unusual thoroughness and finally, after a long comment on the seriousness of stealing a car, he said: "I think I will deny the application for probation for all three of the defendants, and that will be the order." The record does not support the contention that the trial judge was laboring under the impression that he had no right to grant probation, and no abuse of his discretion appears. (*People* v. *Martino,* 113 Cal. App. 661 [299 Pac. 86]; *People* v. *Roach,* 139 Cal. App. 384 [33 Pac. (2d) 895].)

The only other point raised is that the court abused its discretion in denying to appellants the right after judgment to withdraw their plea of guilty and to enter a plea

of not guilty. The appellants concede that their right to thus change their plea cannot be based upon the fact that their attorney assured them that probation would be granted if they entered a plea of guilty. It is contended, however, that an abuse of discretion in not permitting such a change of plea conclusively appears here because the appellants are "not guilty of the offense charged". It is not pointed out to us how it appears that the appellants are not guilty of the offense with which they were charged. Presumably, reliance is here placed upon the story told by the appellants in their affidavits in support of their motion for permission to change their plea. As we have said, this story differs materially from the story previously told by them to the officers and to the probation officer, all of which appears in the record of the hearing on the application for probation. The appellants had pleaded guilty and the judgment pronounced against them had become final. The matter set up in the affidavits used at the last hearing, at best, was merely conflicting with the evidence already before the court and, aside from any other considerations, the matter was entirely one within the discretion of the trial judge.

The order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.