[Crim. No. 831.  Fourth Dist.  June 26, 1951.]

THE PEOPLE, Respondent, v. TED BAILEY, Appellant.

Ted Bailey, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—On August 20, 1949, the appellant filed a "Motion in the Nature of the Writ of Error Coram Nobis" in the Superior Court of Fresno County, in which he sought an order of the court vacating the judgment rendered against him on May 13, 1948, on the ground that he was forced to plead guilty through fraud, deceit, duress and misrepresentation. It was stated in the motion, which was verified by the appellant, that he "was advised by different persons, including officials of the court, warning him that if he did not plead guilty and was convicted, he would be sentenced to life in prison as a habitual criminal"; that at that time he was "not familiar with section 644 of the Penal Code and believed that he could be sentenced as an habitual criminal"; that he was "later confined in solitary confinement which was a denial of due process of law in obtaining a conviction of duress"; that he would "present witnesses in this court by process of subpoena that he was threatened with the habitual criminal sentence if he did not plead guilty"; and that he was "not

in the vicinity where the alleged crime was committed at the time it was alleged to have been committed.''

The trial court, at the request of appellant, appointed two attorneys to represent him in the matter of his petition. Appellant then filed a ''Petition for Hearing on Writ of Coram Nobis,'' in which he stated that he had received a letter from the district attorney's office in Fresno county advising that the writ would be denied unless further proof and support of the allegations in the writ were given, and that something more was required than a sworn statement by the defendant. In this connection, the petition contains the following language: ''In the opinion of petitioner it is neither proper nor necessary that the district attorney be given these additional documents of proof whereas the petitioner has stated in what the alleged illegality consists in the writ being verified by oath.'' The petitioner then prayed that an order be directed to the warden at the state prison at Folsom to produce and deliver petitioner at the hearing.

Appellant filed an ''Affidavit for Subpoenas'' in which he asked that certain persons be subpoenaed to testify in his behalf. The trial court set the hearing and ordered that the matter be submitted on the basis of affidavits and denied the request of the petitioner for personal attendance at the hearing.

Appellant's principal contention is that he was forced to plead guilty through fraud, deceit, duress and misrepresentation. However, the record fails to set forth the names of the ''officials of the court'' or persons who are alleged to have ''warned'' him that if he did not plead guilty and was convicted, he would be sentenced to life imprisonment as an habitual criminal. The time and place of the so-called ''warning'' or the circumstances under which appellant claims that it was given are not set forth in the record.

Appellant refused to present affidavits in support of his application and failed to produce evidence to establish his right to the writ. The allegations in the motion as to the claimed fraud, deceit, duress and misrepresentations are not specific and are merely appellant's conclusions. If, as is contended by appellant, he was placed in solitary confinement for two months, the reasons therefor do not appear, and the time and place and particulars of such confinement are not set forth, nor does the record show that appellant was thereby induced to plead guilty to the charge. No convincing proof is shown entitling appellant to set aside the order denying his petition.

As was said in *People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330]: "The defendant then, if he would set aside such judgment, must proceed as one who is at least prima facie guilty; he, now, is the attacker and has the burden of producing convincing proof of a fact which constitutes a legal ground for setting aside the judgment. The presumption that the judgment is valid in all respects is strong; the interests of justice and of humanity require that its terms be executed promptly if it be not set aside."

Appellant contends that as his application for the writ is verified, it was unnecessary for him to present further proof of the facts set forth therein. However, a trial judge is not required to accept as true the sworn testimony of a witness even in the absence of evidence contradicting it, and this rule applies to an affidavit. The trial court, as the trier of the fact, is the judge of the credibility of the witness whether he testify in person or by affidavit. (*People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976].)

In his opening brief appellant contends that his counsel and the district attorney told him that he could be sentenced to life imprisonment as an habitual criminal. This contention was not presented to the trial court, is not a part of the record, and cannot be considered on appeal. (*People* v. *Gilpin,* 38 Cal.App.2d 24, 26 [100 P.2d 356]; *People* v. *Evans,* 102 Cal.App.2d 320, 321 [227 P.2d 461].)

Appellant contends that he was not allowed to appear at the time of the hearing on his application and the attorneys appointed to represent him did not confer with him. However, the question of whether or not appellant should have been allowed to be present in court at the time of the hearing was a matter within the sound discretion of the trial court. (*People* v. *Kirk,* 76 Cal.App.2d 496, 498 [173 P.2d 367].) The appellant's contention that his attorneys did not properly represent him is likewise without merit. (*People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635].)

Appellant also claims that the writ should be issued because he was denied court-appointed counsel at the preliminary hearing; that he was accused of the crime because of notoriety of a rape charge for which he was on parole and that his attorneys did not properly represent him. These matters likewise were not presented to the trial court. Furthermore, the record does not show that the defendant desired the services of counsel at the preliminary examination and it was not necessary that he be represented before the

committing magistrate. (*People* v. *Greene*, 80 Cal.App.2d 745, 748 [182 P.2d 576] ; *People* v. *Coker*, 104 Cal.App.2d 224, 226 [231 P.2d 81].)

In addition to the foregoing matters, the trial court had a right to consider the unexplained delay in filing the petition. (*People* v. *Krout, supra,* 209.)

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1951.