[Crim. No. 3165. First Dist., Div. One. Dec. 20, 1955.]

THE PEOPLE, Respondent, v. LYNN CHARLES CAMPBELL, Appellant.

Lynn Charles Campbell, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, John S. McInerny, Deputy

Attorney General, N. J. Menard, District Attorney (Santa Clara), and Calvin F. Gunn, Deputy District Attorney, for Respondent.

BRAY, J.—Defendant, in propria persona, appeals from a judgment entered on his plea of guilty to an information charging him with a felony, violation of section 11500, Health and Safety Code (possession and transportation of narcotics), and his admission of two prior felony convictions.*

This appeal is utterly without merit. Defendant's brief contains such statements as, he "plead guilty under duress of deliberate, subverted, circumvented, premeditated deceptions," that he was coerced into such plea "under the third degree cork and screw method of mob violence, terrorized, abused and incriminated," was told by "the police department" that "he would be lynched if he did not plead guilty." "The trial Court was fixed . . . [and] was dominated by passion and prejudiced in an atmosphere of hysteria against him." No facts are given, but merely these broad conclusions stated.

 His contentions seem to be that he was deprived of his constitutional rights as follows: 1. His arrest was unlawful. The record does not show nor does defendant's brief state in what respect it was unlawful. (See *People* v. *Van Skander,* 20 Cal.App.2d 248, 256 [66 P.2d 1228]; *People* v. *Bailey,* 105 Cal.App.2d 150, 153 [232 P.2d 518].)

 2. He was denied the right of counsel. The record shows that he waived that right. On two occasions the trial court told him he could have a lawyer, and on one occasion specifically asked him if he wanted one. He said he did not and further stated that he wanted to plead guilty. The record shows that defendant's plea of guilty was with full knowledge of his right to counsel in the face of the trial judge's warning that defendant's "prospect doesn't look very bright." There was no violation by the court of sections 858, 859, or 860, Penal Code.

 3. He was coerced to plead guilty. As pointed out before, his statements on this subject allege no facts, and there is nothing in the record to support such a charge. It is well settled that contentions of this kind, unsupported by anything in the record, cannot and will not be considered by

---

*His notice of appeal includes an appeal from an order denying motion for new trial. The record fails to disclose that any such motion or order was made.

a reviewing court. (*People* v. *Terrill*, 131 Cal. 112 [63 P. 141]; *People* v. *Harvey*, 137 Cal.App. 22, 25 [29 P.2d 787]; *People* v. *Bailey*, *supra*, 105 Cal.App.2d 150, 153; *People* v. *King*, 4 Cal.App. 213 [87 P. 400]. See 4 Cal.Jur.2d 256.)

■ 4. Defendant contends he is in double jeopardy, alleging that he was convicted of two crimes for the same offense, namely, possession and transportation of narcotics. Defendant was only charged with one crime, namely, the violation of section 11500, Health and Safety Code. There was only one conviction and only one sentence.

■ 5. Sentence. Defendant seems to think that the trial judge directly sentenced him for a term of 10 years to life and claims that such is not the penalty for the crime charged. The judge complied with the law and sentenced him to the state prison. That automatically means, for the term prescribed by law only.

Judgment affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.