[Crim. No. 3204.  First Dist., Div. Two.  Apr. 16, 1956.]

THE PEOPLE, Respondent, v. ALBERT HOCKING, Appellant.

Harry S. Wainwright, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

KAUFMAN, J.—This is an appeal from a judgment of conviction on a felony charge, violation of section 211, Penal Code (armed robbery). Appellant, Albert Hocking, entered a plea of "not guilty by reason of insanity" on June 9, 1955, and on August 1, 1955, pleaded guilty to one count of robbery. He was declared sane by a jury on August 16, 1955, and the following day was sentenced to state prison.

The only issue presented by this appeal is whether appellant was denied his right to a speedy trial as guaranteed by article

I, section 13 of the California Constitution and section 1382 of the Penal Code.

Appellant was arrested on November 17, 1949, and a preliminary hearing was held November 28, 1949. The information, charging him with four counts of armed robbery, was filed on December 8. He was arraigned on December 15 and pleaded "not guilty" on December 21. Trial was set for January 26, 1950. Several continuances were granted, and on February 15, 1950, on appellant's own motion he was taken to the detention hospital in San Francisco for psychiatric examination, the matter being continued with his consent. He was sent to Mendocino State Hospital on March 6, 1950, as mentally ill. Appellant was under observation and treatment there until his escape in October 1951. Several continuances had been granted in the meantime, and on January 30, 1951, the matter was ordered off calendar.

Appellant went to Philadelphia, Pennsylvania, where he committed a robbery, was tried and found guilty. He was sentenced to a Pennsylvania penitentiary in February, 1952, and served approximately three years. Following his release in 1955, he was returned to San Francisco to stand trial for the robberies committed here. On June 9, 1955, appellant entered the additional plea of "not guilty by reason of insanity."

■ The appeal herein is designated as being from the final judgment of conviction and from an order denying a new trial. Since the record does not disclose that any motion for a new trial was made, there can be no appeal therefrom. (*People* v. *Campbell*, 138 Cal.App.2d 16 [291 P.2d 47].) The final judgment was rendered after a plea of guilty by appellant and after a jury verdict on the sanity issue finding him sane. ■ There can be no doubt that appellant by his plea of guilty waived any right he may have had to object that he was not tried within sixty days of the date of filing of the information. It was held in *People* v. *Workman*, 121 Cal.App.2d 533 [263 P.2d 458], that the right to a speedy trial guaranteed in article I, section 13 of the state Constitution, and section 1382 of the Penal Code, is one which a defendant may waive. (See *People* v. *Greene*, 108 Cal.App.2d 136, 140 [238 P.2d 616]; *People* v. *Tenedor*, 107 Cal.App.2d 581, 583 [237 P.2d 679].) That case held also that where a defendant does not object to going to trial nor makes a motion to dismiss under section 1382 of the Penal Code, in the court below, he may not predicate error on that ground in the appellate court.

(And see *People* v. *Newell,* 192 Cal. 659, 669 [221 P. 622] ; *People* v. *Dale,* 79 Cal.App.2d 370, 378 [179 P.2d 870].)

Even if appellant had not been foreclosed by the above rule from urging that he has been deprived of his right to a speedy trial, the record clearly demonstrates that all the continuances herein were ordered for good cause or at appellant's request or with his consent.

The information had been filed on December 8, 1949. Appellant entered his plea of "not guilty" on December 21, 1949, and trial was set for January 26, 1950. On that date the case was continued until February 15, 1950. On February 15, 1950, *on appellant's motion,* he being then represented by counsel, Judge Sweigert ordered appellant to be taken to the detention hospital for psychiatric examination, and ordered the case continued with consent of appellant and his counsel, to March 1, 1950, for trial. On February 28, 1950, the case was continued until March 7, 1950, at which time the court was informed by the clerk that appellant had been sent to Mendocino State Hospital as criminally insane. On March 3, 1950, a judgment of commitment had been signed by Judge Molkenbuhr, whereupon appellant was taken to Mendocino. On that same date a psychopathic criminal hold order was signed by Judge Molkenbuhr directing suspension of the trial during appellant's commitment to Mendocino, and ordering him returned to the custody of the sheriff of the city and county of San Francisco upon expiration of said commitment. The cause was continued until June 15, 1950. Further continuances were ordered until January 30, 1951, when the case was ordered off calendar.

On February 6, 1953, on motion of the district attorney, the cause was ordered restored to the calendar, and a bench warrant was issued for appellant. The cause was continued for trial to April 13, 1955. Appellant had been returned to this jurisdiction from Pennsylvania on April 9, 1955.

On April 13, 1955, the matter was continued until May 10, then to May 17, May 19, May 24, and finally to June 21, 1955. On June 9, 1955, the cause was advanced from June 21, 1955, and appellant entered the additional plea of "not guilty by reason of insanity." The court appointed two alienists, and continued the cause until June 21, 1955.

On June 21, 1955, appellant moved to discharge the public defender as counsel and to act as his own counsel which motion was granted. He then interposed a written motion to dismiss the information on the ground that he had been denied a speedy

trial prescribed by article I, section 13 of the California Constitution and section 1382 of the Penal Code. The case was continued until June 23, 1955, for hearing of this motion. Appellant previously having applied for a writ of habeas corpus, which the court had granted and made returnable on June 23, 1955, the court on that date heard arguments in regard thereto, as well as on the motion to dismiss. The court found appellant to have been legally committed, denied the motion to dismiss, and set the trial for July 11, 1955.

Further continuances were ordered until August 1, 1955, when appellant with the permission of the court, withdrew his plea of "not guilty" to the first count in the information and entered a plea of "guilty." By consent the trial on the insanity plea was continued until August 15, 1955, on which date trial was begun. On August 16, appellant was found sane and on August 17, 1955, he was sentenced.

The right to a speedy trial is a right which may be waived and is not jurisdictional. (*People* v. *Workman, supra; People* v. *Hawkins,* 127 Cal. 372 [59 P. 697].) As to all continuances prior to June 21, 1955, appellant waived his right to a speedy trial by consenting to the continuance, by failing to object, or by having fled the jurisdiction. Furthermore the trial court found that good cause had existed for all the delays when it ruled on appellant's motion on that date. If a defendant does not object to a continuance beyond the sixty day period, he waives his privilege and consent will be presumed. (*People* v. *O'Leary,* 130 Cal.App.2d 430, 436 [278 P.2d 933].) Appellant had impliedly consented to June 21 as a trial date by appearing in court on June 9, 1955, and failing to raise any objection when the date of June 21 was set. (See *People* v. *George,* 91 Cal.App.2d 537-542 [205 P.2d 464].) No objection was offered to any of the continuances between June 21 and the date of trial, and appellant's express consent is recorded as to one of them.

When a motion to dismiss on the grounds asserted herein has been denied by the trial court, it will be presumed that good cause existed for the delay, and the burden is on appellant to show that the court abused its discretion in denying the motion. (*People* v. *Douglass,* 100 Cal. 1 [34 P. 490]; *People* v. *Coahran,* 104 Cal.App.2d Supp. 861 [231 P.2d 592].)

Appellant urges that his commitment to Mendocino was illegal and void, hence his confinement there denied him a speedy trial. He argues that since Penal Code, section 1368, provides that if a doubt arises during the pendency of an

action as to defendant's sanity, "the court must order the question as to his sanity to be determined by a trial by the court without a jury, or with a jury, if a trial by jury is demanded; . . ."

In the present case the issue of appellant's mental condition was determined by the superior court. The clerk's transcript herein shows only that at the hearing on the motion to dismiss the court admitted in evidence the record of superior court action Number 27293 Order and Commitment to Mendocino State Hospital, whereupon the motion was denied, the court finding that defendant had been legally committed.

Appellant cites *In re Shaw,* 115 Cal.App.2d 753 [252 P.2d 970], a habeas corpus proceeding. In that case petitioner's commitment to a state hospital for the insane was held void, because it was made by a municipal court. Only the superior court has jurisdiction in sanity proceedings. The court in that case also pointed out that a sanity proceeding is civil in its nature and is not a part of a criminal proceeding.

It is true that it has been held that provisions of the Penal Code prescribing proceedings that must be had when a doubt arises as to defendant's sanity, are entirely distinct from commitment proceedings which were formerly part of the Political Code and now set forth in Welfare and Institutions Code, division 6, chapter 1. (*People* v. *Superior Court,* 4 Cal.2d 136, 142 [47 P.2d 724].) Section 5160 of the latter code provides that "Commitments of insane persons charged with the commission of public offenses are provided for in section 1026 of the Penal Code and in Chapter 6, Title 10, Part II of the Penal Code." Appellant, however, has presented herein no transcript of the proceedings in superior court action Number 27293 which the trial court had before it when it decided that he had been legally committed. ■ In the absence of proof to the contrary, and in a collateral attack upon the validity of an order which is within the power of the court to make, it must be presumed that official duty was regularly performed and that the commitment proceedings were in accordance with legal requirements (Code Civ. Proc., § 1963, subd. 15; *Napa State Hospital* v. *Dasso,* 153 Cal. 698, 700 [96 P. 355, 15 Ann.Cas. 910, 18 L.R.A.N.S. 643]). ■ There is a further presumption that the court was acting in the lawful exercise of its jurisdiction (Code Civ. Proc., § 1963, subd. 16; *People* v. *Superior Court,* 4 Cal.2d 136, 147 [47 P.2d 724].) ■ Appellant's commitment for a period of ap-

proximately 22 months to Mendocino, not having been shown by him to have been void, established good cause for the delay during that period. There was no unreasonable delay in bringing appellant to trial when all the circumstances of the case are considered, the delays that did occur having been necessary or proper or occasioned by appellant's own conduct or with his consent. (See *People* v. *Flores,* 37 Cal.App.2d 282 [99 P.2d 326].)

The judgment must therefore be affirmed.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied May 1, 1956.