[Crim. No. 7194.    Second Dist., Div. Two.    Jan. 26, 1961.]

THE PEOPLE, Respondent, v. HOWARD JAMES BECK, Appellant.

Arthur Schwartz for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOX, P. J.—In a complaint filed in the Municipal Court of Pasadena Judicial District, defendant was charged with five counts of grand theft. On November 20, 1959, defendant appeared before the judge of said municipal court with Deputy Public Defender Brill and pleaded guilty to counts I and II of the complaint. Counts III, IV and V were dismissed on motion of the People. On December 17, defendant appeared in the superior court with private counsel. Prior to the imposition of judgment and sentence, defendant made a motion to set aside his pleas of guilty. This motion was supported by an affidavit of defendant and another by his counsel. The motion was denied, probation was denied, and defendant was sentenced to the state prison. He has appealed from the judgment.

At the time defendant appeared before the magistrate to plead to the offenses charged in the complaint the record discloses the following: "MR. BRILL: [deputy public defender] Mr. Beck is aware that he is entitled to a preliminary hearing;

he knows that he can subpoena witnesses in his own behalf and may have a speedy public trial and the use of an attorney. He wishes to waive his constitutional rights and enter a plea of guilty to Counts I and II. THE COURT: Arraign the defendant. MR. HATCH [deputy district attorney] Your true name is Howard James Beck? THE DEFENDANT: That's right. MR. HATCH: And you are represented by the Public Defender, Mr. Brill? THE DEFENDANT: That's right. MR. HATCH: And you have discussed with him your constitutional rights? THE DEFENDANT: Yes. MR. HATCH: And you desire to plead guilty to Counts I and II? THE DEFENDANT: That's right. MR. HATCH: You are charged in Count I with the offense of Grand Theft in violation of Section 487, Subdivision 1, of the Penal Code, a felony, in that on or about July 1, 1958 you did take $1,895.00 lawful money of the United States, the personal property of Joseph L. Vogl. How do you plead to that Count, guilty or not guilty? THE DEFENDANT: Guilty. MR. HATCH: And your plea of guilty is voluntary on your part without any offers of reward, immunity, or of lesser or lighter sentence? THE DEFENDANT: That's correct. MR. HATCH: And no one has used any coercion or threats to cause you to change your plea to guilty? THE DEFENDANT: No. MR. HATCH: And you are changing it to guilty because you are in fact guilty of that charge? THE DEFENDANT: That's right.'' The same procedure was then followed in the arraignment of the defendant on count II, which involved the theft of $2,550 from Grace L. Douglas to which charge he also entered a plea of guilty. The pleas to counts I and II were accepted by the magistrate, permission was granted to file a written application for probation and the matter put over until December 17.

In his affidavit in support of his motion to withdraw his pleas of guilty defendant stated that he pleaded guilty to the two counts of grand theft ''freely and voluntarily''; that he believed that he had a good defense to the crimes charged; that although he appeared at the preliminary hearing with Deputy Public Defender Brill, he never discussed a possible defense to these charges with Mr. Brill; that Brill inquired of him if he had money to hire an attorney; if he owned any real property, automobile, or had any bank account; that his answer was ''no'' to all of these questions. He further stated in said affidavit that he told Brill that he wanted to avoid publicity to save his family further embarrassment from the publicity and wanted to get the whole thing over with; that Brill did not explain to him the nature of the offense or any

defense but only asked defendant if he received the money to which defendant replied, "yes." Defendant further stated that Joseph Kurris, who he believed was an investigator for the district attorney's office, told him that if he did not plead guilty 19 more counts would be filed against him, that his bail would be raised, and that he (Kurris) would personally see to it that defendant would go back to jail. The other affidavit was by Stanley Weinstein, Esq., one of defendant's attorneys. In his affidavit Mr. Weinstein stated that he had talked to Mr. Brill regarding his appearance with defendant at the latter's arraignment, and that Mr. Brill stated that he only spoke to defendant for a couple of minutes and at no time discussed with him a possible defense to the charges lodged against defendant. Affiant also stated that Mr. Brill indicated to him that Beck was concerned only with having some of the charges dropped and "to get the entire thing over with." Mr. Weinstein further stated his belief that Beck had a good and sufficient defense to the five counts of grand theft. He did not, however, make any intimation in his affidavit as to the nature of said defense, nor to any facts upon which it was based.

Defendant's basic contention is that the court abused its discretion in denying his motion to set aside his pleas of guilty. Defendant's motion to withdraw his plea of guilty was based on Penal Code, section 1018. The pertinent portion of that section reads: "On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice."

The guiding principles on the question here presented are stated in *People* v. *Ottenstror*, 127 Cal.App.2d 104 [273 P.2d 289]. ██ ██ At page 109 the court said: "It is well settled in our law that an accused who seeks to set aside a plea of guilty must show good cause therefor, and the granting or denial of such an application rests in the sound discretion of the trial judge, and his decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown."

██ Also pertinent is the statement of the court in *People* v. *Griffin*, 100 Cal.App.2d 546 at page 548 [222 P.2d 47]: "While a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or for any other factor overreaching a de-

fendant's free and clear judgment, the fact of such mistake, fraud, duress or overreaching must be established by clear and convincing evidence. . . ."

■ It should also be pointed out that the trial court was not bound to give full credence to the statements in defendant's affidavit in support of his motion to withdraw his pleas of guilty even though they are uncontradicted because of defendant's obvious interest in the outcome of the proceeding. (*People* v. *Knight*, 106 Cal.App.2d 312, 315 [234 P.2d 992]; *People* v. *Kirk*, 98 Cal.App.2d 687, 692 [220 P.2d 976]; *People* v. *Bailey*, 105 Cal.App.2d 150, 153 [232 P.2d 518].)

■ Defendant's first complaint is that the trial court failed to inquire of him what his defense was. There is no merit at all in this point. On the contrary, the burden was on the defendant, who was asking leave to change his plea, to present clear and convincing evidence that the ends of justice would be subserved by permitting him to change his plea to not guilty (See *People* v. *Wells*, 77 Cal.App.2d 520, 524 [175 P.2d 595]; *People* v. *Miranda*, 31 Cal.App.2d 370, 374 [88 P.2d 181]).

If defendant had any facts that would have shown or tended to show him to be innocent of the offenses charged, and he believed that such facts should persuade the trial court to exercise a favorable discretion toward allowing him to withdraw his pleas of guilty, the burden was on defendant to present such facts to the court. He had an attorney of his own choosing and such facts, if any, were known to defendant and presumably to his attorney for the latter stated in his affidavit: "I believe that Mr. Beck has a good and sufficient defense to the five counts of grand theft." But no facts were stated to support this opinion of counsel. Clearly there was no duty on the part of the court to pursue the matter by asking what the claimed defense was.

■ Defendant points to the statement in his affidavit in support of his motion that Joseph Kurris, who he believed to be an investigator from the district attorney's office, told him that if he did not plead guilty 19 more counts would be filed against him; that his bail would be raised, and that he (Kurris) would personally see to it that defendant would go back to jail. It is then argued that Kurris exceeded the bounds of fair play and propriety when he brain-washed defendant into unwarranted pleas of guilty. The fallacy of this argument is that it assumes the trial court gave full credence to

these statements of defendant. As pointed out above, the trial judge was not required, as a matter of law, to accept as true defendant's statements because of his interest in the outcome of this matter. (*People* v. *Knight, supra*; *People* v. *Bailey, supra*.) And it is perfectly obvious from the judge's ruling and sentence that he did not believe the defendant's story. It is interesting to note that at the outset of his affidavit defendant stated, "I pled guilty to the two counts of grand theft freely and voluntarily." There is plainly no merit in defendant's argument.

Defendant's final contention is that, in effect, he had no representation of counsel when he pled guilty in the magistrate's court. The record reveals that the court appointed Mr. Brill, Deputy Public Defender, to represent him. It further discloses that Mr. Brill addressed the court as follows when defendant's case was called: "Mr. Beck is aware that he is entitled to a preliminary hearing; he knows that he can subpoena witnesses in his own behalf and may have a speedy public trial and the use of an attorney. He wishes to waive his constitutional rights and enter a plea of guilty to Counts I and II." Defendant was then arraigned by the prosecutor, during the course of which he stated he had discussed with Mr. Brill his constitutional rights and that he desired to plead guilty to counts I and II. In response to the question: "And you are changing it to guilty because you are in fact guilty of that charge?" The defendant replied: "That's right." He also stated that his plea of guilty was made "freely and voluntarily." He further acknowledged that he took the money "willfully and unlawfully." It is apparent that Mr. Brill properly advised defendant of his rights, and that knowing those rights and what he had done defendant decided to plead guilty to two of the five counts, hoping, no doubt, that the other three would be dismissed, which is exactly what happened. It certainly cannot be said that he was not adequately represented by counsel.

Upon his later employment of private counsel defendant then sought to be relieved of his pleas of guilty by asserting that Mr. Brill did not explain to him the nature of the offense nor any defense but only asked him whether he received the money, to which he said "Yes." For reasons previously pointed out, the trial court may well have disbelieved defendant's assertions. In view of defendant's failure to present any facts *indicating* he had a good defense to the trial court in support of his motion to set aside his pleas, the more likely

fact is that he had no defense to discuss with Mr. Brill and was fully cognizant of his defenseless position.

We do not find any abuse of discretion in the denial of defendant's motion to set aside his pleas of guilty.

The judgment is affirmed.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.