Filed 6/17/14  P. v. Alcala CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EVA M. ALCALA,<br><br>Defendant and Appellant. | C074390<br><br>(Super. Ct. Nos. 12F08006, 12M08505) |

Following her plea of no contest to fraudulent receipt of public assistance and battery of her child's father, defendant Eva M. Alcala was placed on three years' probation conditioned on her serving 90 days in county jail.  Approximately six months after entering the plea, defendant made a motion to withdraw the plea.  The trial court denied the motion.  Defendant appeals that denial.

1

BACKGROUND[1]

An information charged defendant with felony counts of fraudulent receipt of public assistance (Welf & Inst. Code, § 10980, subd. (c)(2)) and filing a false claim (Pen. Code, § 118, subd. (a)).[2] A separate complaint charged defendant with misdemeanor counts of corporal injury of her child's father (§ 273.5, subd. (a)) and battery of her child's father (§ 243, subd. (e)(1)). Defendant pleaded no contest to misdemeanor counts of fraudulent receipt of public assistance and battery of her child's father. Pursuant to the plea agreement, the trial court granted defendant probation and sentenced her to serve 90 days in county jail; the remaining counts were dismissed.

Approximately six months after entering the plea, defendant filed a motion to withdraw the plea on two grounds, mental incapacity and newly discovered evidence. As to mental incapacity, defendant claimed that on the morning of the plea, the staff at the Sacramento County Main Jail administered Flexeril and Tramadol to her, each of which can "cause side effects that may impair a persons [*sic*] thinking or reactions." Defendant declared she is not given Flexeril by her own treating physician as it "makes her have difficulty understanding things and following things and concentrating on things." Defendant also declared there was newly discovered evidence that the victim, Raymond Mata, had "admitted essentially lying to the police to put [her] in jail." Specifically, she averred that in May 2013, she and her son Michael were in a car with Mata when Michael said to Mata that "he could not believe that [Mata] put his mom in jail. [Defendant] then said, yeah, just to get out of child support. Mata['s] reply was to laugh and say yeah, that's right, I did, so get over it."

---

**1** The substantive facts underlying the convictions are not relevant to any issue on appeal and are not recounted here.

**2** Undesignated statutory references are to the Penal Code.

The trial court read and considered defendant's motion, including the attached declarations and medical information, and the People's opposition to the motion. At the hearing, the trial court also heard oral argument from both parties. The trial court found clear and convincing evidence that defendant was on medication as indicated in her motion; however, the trial court did not find defendant had established she was "under the influence to such [an] extent she did not fully understand what was going on at the time of her plea." The trial court also noted that having reviewed the transcript of the plea, there was no indication in the transcript that defendant was confused or hesitant during the taking of the plea and her responses to questions were appropriate. As to the claim of newly discovered evidence, the trial court found defendant had not established that Mata "actually lied. Neither defendant nor her son Michael attested the victim said he had lied to the police, rather they attested the victim only admitted that he had the defendant put in jail." The trial court also noted the People had indicated there was additional evidence supporting the conviction, including observed injuries on the victim and defendant's admission she had punched the victim in the face. The court observed defendant had not provided a "description of what allegedly occurred or was reported by the victim nor of any medical report that could detail any injuries suffered by the victim, nor has the defendant set forth any defense she had available and what the strength was of that evidence in her favor." Accordingly, the trial court denied the motion.

DISCUSSION

Defendant contends the trial court abused its discretion by refusing to allow her to withdraw her plea. We disagree.

Section 1018 provides in pertinent part: "On application of the defendant at any time before judgment . . . the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." The showing for postjudgment motions to withdraw a guilty plea is essentially identical to that required under section 1018. (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1617.) To

3

establish good cause to withdraw her plea, the defendant must show that she was operating under mistake, ignorance, inadvertence, fraud, duress, or any other factor overriding her free judgment. (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496; *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) However, a defendant must establish that her free will was overcome, not merely that she had a change of heart. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) A trial court's decision to grant or deny a defendant's motion to withdraw his guilty plea is reviewed for abuse of discretion. (*People v. Mickens* (1995) 38 Cal.App.4th 1557, 1561.) Discretion is abused when a court acts in an arbitrary, capricious, or patently absurd manner, which results in a manifest miscarriage of justice. (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) In determining whether a defendant has shown good cause for granting a motion to withdraw a guilty plea, the reviewing court must adopt the trial court's factual findings if they are supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

1. *Mental Incapacity* -- As noted by the trial court, defendant offered no evidence the medications she was given prior to the plea hearing actually incapacitated her to such a degree as to override her free judgment or otherwise render her plea involuntary. Defendant stated she was "loopy" because of the medications, but that does not necessarily mean her capacity to enter the plea knowingly and voluntarily was affected. Further, the trial court, as the sole judge of credibility, could find defendant's declaration regarding her mental state at the time of the plea was not credible. (See *People v. Hunt* (1985) 174 Cal.App.3d 95, 103 ["[I]n determining the facts, the trial court is not bound by uncontradicted statements of the defendant"]; *People v. Beck* (1961) 188 Cal.App.2d 549, 553 [trial courts need not give full credence to a defendant's uncontradicted statements in light of defendant's interest in the outcome].) Nor was any claimed incapacity apparent in the record of the plea. Defendant expressed no confusion and responded appropriately to questions. The judge who accepted the plea was charged with determining the voluntariness. (§ 1192.5.) The trial judge went over each part of the

4

plea agreement with defendant and she indicated that she understood the plea and knowingly and willingly entered into it. The trial judge did not observe or note any concerns regarding defendant's mental capacity at the time of the plea. Defendant was represented by counsel at the time of the plea and counsel expressed no concerns regarding defendant's capacity to understand the advisements or knowingly and voluntarily enter a plea.

2. *Newly Discovered Evidence* -- Nor did the trial court abuse its discretion by denying the motion based on "newly discovered evidence." Defendant cites no authority to support the proposition that newly discovered evidence would be an appropriate basis for granting a motion to withdraw her plea. Defendant attempts to analogize her motion to withdraw her plea to a motion for new trial based on newly discovered evidence and utilize the criteria applicable to a motion for new trial for assessing this case. The problem with that analytical approach is that this case was resolved by way of plea. There was no preliminary hearing and there is no probation report. The resolution by plea rather than trial leaves no basis upon which the court can conduct a comparative evidentiary analysis or assess the likelihood a plea would have been entered had the defendant known the "new" information, as is required to conduct the appropriate analysis applying the criteria applicable to motions for new trial.[3]

Even if newly discovered evidence were good cause for withdrawal of the plea, the statement proffered by defendant is insufficient to meet defendant's burden. The statement allegedly made by Mata is not an unambiguous recantation of his accusation against defendant or an admission he lied to the police. Nor is the statement exculpatory for defendant. At most, it "admits" Mata reported defendant to the police to have her

---

[3] The statements in the People's opposition to the motion regarding the evidence that was available against defendant, including physical injuries on the victim and defendant's admission to hitting the victim, do not constitute evidence.

5

incarcerated to avoid paying child support. That is a far cry from admitting that what he reported to police was untrue. While this statement may bear on the victim's credibility, such evidence has a more attenuated connection to defendant's free judgment to enter a plea than the type of evidence which directly supports the defendant's factual innocence. As the United States Supreme Court has explained, "[i]t is particularly difficult to characterize impeachment information as critical information of which the defendant must always be aware prior to pleading guilty given the random way in which such information may, or may not, help a particular defendant." (*United States v. Ruiz* (2002) 536 U.S. 622, 630 [153 L.Ed.2d 586, 595].) Such information bears more on the fairness of a trial rather than the voluntariness of a plea. (*Id.* at p. 633.) Impeachment evidence is not "critical information" that a defendant needs to determine whether to plead guilty, since its exculpatory value is remote and highly speculative. (*Id.* at p. 630.)

The trial court properly considered the arguments of counsel and the evidence defendant put forward in support of her claim. The record supports the conclusion the trial court understood the scope of its discretion and exercised it. The decision was not arbitrary, capricious, or absurd. There was no abuse of discretion.

DISPOSITION

The order of the trial court denying the motion to withdraw the plea is affirmed.


                                                          NICHOLSON        , J.


We concur:



      BLEASE          , Acting P. J.



      DUARTE        , J.


6