Filed 11/20/25  P. v. Jimenez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRISTIAN CASAS JIMENEZ,<br><br>    Defendant and Appellant.</td><td>E084583<br><br>(Super.Ct.No. RIF1600919)<br><br>OPINION</td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  Jennifer R. Gerard, Judge.  Affirmed.

Sabrina R. Damast, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Cristian Casas Jimenez appeals from the trial court's order denying his motion to vacate his conviction under Penal Code[1] section 1473.7. We affirm.

## PROCEDURAL BACKGROUND

On February 26, 2016, the People filed a felony complaint charging defendant with one count of inflicting corporal injury on a spouse. (§ 273.5, subd. (a), count 1.)

On October 24, 2016, defendant entered into a plea agreement and pled guilty to count 1, which carried a maximum sentence of four years. In exchange, the court placed him on probation for three years, under specified conditions. The People agreed not to oppose a reduction to a misdemeanor under section 17, subdivision (b) if defendant completed his domestic violence classes and had no probation violations. The plea form advised defendant that if he was not a citizen of the United States, his conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial or naturalization pursuant to the laws of the United States." In taking the plea, the court asked defendant if he understood the rights he was giving up and specifically asked if he understood that his guilty plea "could get [him] deported and/or excluded from the admission to the United States or denied naturalization." Defendant confirmed that he understood the consequences of his plea and did not have any questions, and he declined the opportunity for more time to talk to his attorney.

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

Subsequently, defendant admitted, and was found in violation of, several probation conditions. He was reinstated on probation each time until June 14, 2021, when the court terminated probation and sentenced him to the low term of two years in state prison. The sentence was ordered to be served concurrently with a four-year term imposed in another case at the same hearing.

On June 25, 2024, defendant filed a motion to vacate his conviction under section 1473.7. He claimed his plea was not knowing and voluntary due to prejudicial errors that impacted his understanding of the mandatory immigration consequences of the plea. The errors included that his counsel failed to adequately explain the immigration consequences of the plea, he personally did not comprehend the consequences, the plea form language was misleading, he was not offered the opportunity to speak with an immigration attorney, and he had deep ties to the United States. Defendant contended he acted with reasonable diligence in filing the motion, stating that he was recently arrested by Immigration and Customs Enforcement (ICE) in September 2022 and has remained in ICE custody since then. Defendant attached a declaration in support of his motion. His declaration stated that he: (1) was born in Mexico and was brought to the United States in 2000, when he was six years old; (2) he was currently married and had one child, who is a U.S. citizen; (3) his mother, grandmother, four uncles and aunts and 14 cousins live in Riverside, California; his father lives in Mexico, but he did not have significant contact with him; (4) defendant graduated from high school in Perris, California in June 2012; (5) in November 2012, he filed for consideration of Deferred Action for Childhood Arrivals

3

(DACA); his application was approved, and he later filed for a renewal, which was approved until February 24, 2015; (6) on October 24, 2016, he was sentenced to two years in prison in this case, after violating his probation; (7) on April 30, 2021, he was sentenced to four years in prison for inflicting corporal injury on a spouse (§ 273.5, subd. (f)(1)) in case No. SWF2000298; and (8) before his incarceration, he was working fulltime at Forever 21. In his declaration, defendant further alleged that, at the time of the plea, he did not fully understand his plea would have automatic consequences such as deportation, that his attorney did not properly advise him of the consequences, and if he had been informed, he would have insisted on going to trial or seeking an alternative plea agreement that did not carry such severe immigration consequences.

The prosecution filed an opposition to defendant's motion, arguing that defendant did not exercise reasonable diligence in filing his motion, since he waited over seven years since he entered his plea to file it, and he presumably knew the consequences of his plea at that time. The prosecution also contended defendant's claim that he did not understand the consequences of the plea was uncorroborated, and defendant was correctly advised of the immigration consequences of his plea by the court, his counsel, and the plea form.

The court held a hearing on August 22, 2024. It noted there was no declaration from defendant's plea counsel, and both parties confirmed that as true. Defense counsel stated that defendant was not claiming plea counsel provided ineffective assistance of counsel (IAC), which is why he did not attach a declaration from plea counsel; rather,

4

defendant was just claiming prejudicial error. Defense counsel also argued that defendant's motion was timely, since he had been in immigration custody since September 2022, and it had been less than two years since then. Defense counsel further argued that, had defendant known of the immigration consequences at the time of the plea, he would have taken his case to trial because he (defendant) did not believe he would have been convicted, since the victim was his wife.

The court was concerned that defendant was claiming he would have proceeded to trial, not because of the immigration consequences, but because he thought he would have been successful; yet he pled guilty, allegedly not being advised properly or knowing the immigration consequences of the plea. In explaining its concern, the court noted that defendant pled guilty to the same charge (§ 273.5, subd. (f)) in 2021, and the plea form in that case said there "may" be immigration consequences, but the word "will" was typed in, yet defendant still pled guilty. The court added, "So I guess my question is, he understood his consequences then, perhaps, and maybe that's what happened in that case." The court noted it that it did not have the reporter's transcript from the plea hearing, so it was relying on defense counsel to explain what was going on at the time of the plea. Defense counsel stated that he did not file a motion in the other case with the same charge.

After hearing argument from counsel, the court stated that defendant certainly was made aware in 2021 that there could be immigration consequences to his guilty plea. The court said it was "[l]ooking at the timing of the circumstances, his timeliness, the

5

subsequent plea, which would have triggered he be made aware of the consequences."
The court then stated the following: "[W]hat I think what [defense counsel] is indicating is his client would have gone to trial, which tells me that's not the only reason why, the immigration was not the reason why he -- the consequences or a lack of knowing those consequences is the reason why that happened. If he was going to go to trial and do a different course of action, he would have done that instead of took responsibility presumptively and initialed on that Tahl form. [*sic*] The minute order confirms that he said -- the judge indicated he knowingly, intelligently understood his plea. At this time the Court finds -- I do not find that he's made prejudicial error. The Court's going to deny the motion. I will deny it without prejudice."

DISCUSSION

The Trial Court Properly Denied Defendant's Motion

Defendant argues that he did not meaningfully understand the immigration consequences of his plea since he was inadequately advised by his counsel, he was given no oral immigration advisements during his plea hearing, and the plea form only advised him that his conviction "may" result in deportation. Defendant further contends he was prejudiced because he had strong ties to the United States and no meaningful connection to Mexico, and if he had been properly informed of the immigration consequences of his plea, he would have been willing to go to trial or seek an immigration safe plea, which he claims was available. We conclude defendant has failed to demonstrate prejudicial error.

6

A. *The Court's Denial is an Appealable Order*

At the outset, we note respondent's claim that the appeal should be dismissed because the court's denial was without prejudice and therefore did not affect defendant's substantial rights. Respondent contends defendant "should be required to return to the trial court for a final ruling," and "[t]he appropriate remedy is to dismiss the appeal and remand the matter to the trial court." We disagree.

An appeal may be taken from the defendant in a criminal case from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) "[A] postjudgment order 'affecting the substantial rights of the party' [Citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto." (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 600.) A trial court's "characterization of its own order . . . is not controlling." (*In re Lauren P.* (1996) 44 Cal.App.4th 763, 768 (*Lauren P.*) [dismissal of dependency petition without prejudice constituted a final judgment for purposes of appeal].) The question of appealability requires a determination of whether the decision "was on the merits and res judicata." (*Ibid.*)

Here, defendant filed a motion averring he did not meaningfully understand the immigration consequences of his guilty plea. The trial court's ruling was on the merits since the court evaluated the evidence and denied the motion on substantive law grounds. Thus, despite the trial court's use of the phrase "without prejudice," we conclude the ruling is an appealable order. (*Lauren P.*, *supra*, 44 Cal.App.4th at p. 768; *Steen v. Board*

7

*of Civil Service Comm'rs*. (1945) 26 Cal.2d 716, 728 ["use of the words 'without prejudice' following the denial mean little.  Under the present circumstances it could mean nothing more than an expression by the court that petitioner could commence a new proceeding"]; *Guenter v. Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 465-466 [order denying class certification "'without prejudice'" was on the merits and was appealable].)

We additionally note respondent's claim that defendant's motion was not timely filed.  Defendant asserts that the trial court's decision did not address timeliness, but rested solely on the finding that he had not established prejudicial error; thus, the timeliness of his motion is not an issue before this court.  The issue of the motion's timeliness was raised below, and the court appears to have considered it in the totality of the circumstances.  We agree with the trial court that defendant knew about the immigration consequences of his plea in 2021, when he pled guilty to the same charge in another case and was advised that his plea "will" result in deportation.  In any event, we will assume without deciding that the motion was timely and consider the merits of defendant's appeal.

B.  *Standard of Review*

On appeal of an order denying a section 1473.7 motion to vacate a conviction, we apply an independent standard of review.  (*People v. Vivar* (2021) 11 Cal.5th 510, 527 (*Vivar*)); *People v. Abdelsalam* (2022) 73 Cal.App.5th 654, 661 (*Abdelsalam*).)  Under that standard, we exercise independent judgment to determine whether the facts satisfy

8

the rule of law. (*Vivar*, *supra*, 11 Cal.5th at p. 527.) We defer to factual findings based on the trial court's personal observation of witnesses, but not to those based on declarations and other documents. (*People v. Espinoza* (2023) 14 Cal.5th 311, 320 (*Espinoza*).) The ultimate question for us is whether the facts sufficiently establish grounds for relief under section 1473.7. (*Vivar*, *supra*, 11 Cal.5th at p. 528.)

C. *Defendant Has Failed to Establish He is Entitled to Relief*

Section 1473.7, which became effective on January 1, 2017 (Stats. 2016, ch. 739), provides that a person who is no longer imprisoned may move to vacate a judgment if the "conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a)(1).) Thus, a defendant is required to demonstrate that he suffered prejudicial error. (*Ibid.*) "The court shall grant the motion to vacate the conviction or sentence if the moving party establishes, by a preponderance of the evidence, the existence of any of the grounds for relief specified in subdivision (a)." (§ 1473.7, subd. (e)(1).)

"Ineffective assistance of counsel that damages a defendant's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a guilty plea, if established by a preponderance of the evidence, is the type of error that entitles the defendant to relief under section 1473.7." (*People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 75.) However, "[a] finding of legal invalidity, may, but need not, include a finding of ineffective assistance of counsel."

9

(§ 1473.7, subd. (a)(1).) In other words, a superior court can make a finding of legal invalidity "if the defendant simply proves by a preponderance of the evidence a 'prejudicial error damaging the moving party's ability to *meaningfully understand*, defend against, or *knowingly accept* the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere.'" (*People v. Mejia* (2019) 36 Cal.App.5th 859, 871 (*Mejia*).)

"[S]howing prejudicial error under section 1473.7, subdivision (a)(1) means demonstrating a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences. When courts assess whether a petitioner has shown that reasonable probability, they consider the totality of the circumstances. [Citation.] Factors particularly relevant to this inquiry include the defendant's ties to the United States, the importance the defendant placed on avoiding deportation, the defendant's priorities in seeking a plea bargain, and whether the defendant had reason to believe an immigration-neutral negotiated disposition was possible." (*Vivar, supra*, 11 Cal.5th at pp. 529-530.)

"A defendant must provide ""'objective evidence'"" to corroborate factual assertions. [Citation.] Objective evidence includes facts provided by declarations, contemporaneous documentation of the defendant's immigration concerns or interactions with counsel, and evidence of the charges the defendant faced." (*Espinoza, supra*, 14 Cal.5th at p. 321; see *Vivar, supra*, 11 Cal.5th at pp. 530-531.)

1. *Defendant Failed to Establish Error on His Counsel's Part*

Defendant contends, and we agree, that the advisement on his plea agreement was inadequate to advise him of the mandatory immigration consequences of his plea. (*People v. Bravo* (2021) 69 Cal.App.5th 1063, 1073 (*Bravo*).) But, we find that defendant failed to meet his burden of establishing by a preponderance of the evidence that any prejudicial error on his counsel's part damaged his ability to understand, defend against, or knowingly accept the immigration consequences of his plea. (§ 1473, subds. (a)(1) & (e)(1).) He claims, in conclusory language, that his counsel failed to inform him of the mandatory immigration consequences of his plea. At no point in his declaration, does defendant even state what his counsel advised him regarding the immigration consequences of his plea. Further, on the plea form, defendant's attorney states that he had an adequate opportunity to discuss the case with the defendant and that the defendant understands the consequences of his guilty plea. Moreover, as we discuss hereafter, defendant did not submit a declaration from his plea counsel indicating what happened at the time of the plea. Without such a declaration we are left without any information as to whether counsel sought an immigration safe plea or whether the prosecuting attorney would have accepted some alternative plea arrangement.

We note the ease with which a defendant may claim his counsel erred. (See *In re Alvernaz* (1992) 2 Cal.4th 924, 938.) However, "[a]n allegation that trial counsel failed to properly advise a defendant is meaningless unless there is objective corroborating evidence supporting appellant's claimed failures." (*People v. Cruz-Lopez* (2018) 27

11

Cal.App.5th 212, 223-224.) Thus, defendant's claims require "corroboration and objective evidence because a declaration by defendant is suspect by itself." (*Id.* at p. 224.) "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." (*Lee v. United States* (2017) 582 U.S. 357, 369; see *Mejia, supra*, 36 Cal.App.5th at p. 872 ["[i]n a postconviction setting, courts should not simply accept a defendant's statement of regret regarding the plea, courts should also 'look to contemporaneous evidence to substantiate a defendant's expressed preferences.'"].)

Defendant has presented no such objective, corroborating evidence here. The only evidence he offers is his self-serving declaration. We acknowledge that defendant's declaration is evidence that must be considered by the court as part of the evidence in support of his motion. However, we are not bound to give full credence to the statements in defendant's declaration because of his obvious interest in the outcome of the proceeding. (See *People v. Beck* (1961) 188 Cal.App.2d 549, 553.) Generally, self-serving declarations lack trustworthiness. (*People v. Duarte* (2000) 24 Cal.4th 603, 611.) Defendant offered no other contemporaneous evidence, such as a declaration and/or testimony by his plea counsel. (See *Abdelsalam*, *supra*, 73 Cal.App.5th at p. 664.) As the court in *Espinoza* affirmed, "the burden rests with the defendant to establish entitlement to relief" and "the inquiry under section 1473.7 requires consideration of the 'totality of the circumstances.'" (*Espinoza, supra*, 14 Cal.5th at p. 325.) Although

12

defendant was not required to submit a declaration from his plea counsel, he did have the burden of proof. (§ 1473.7, subd. (e)(1).) We note his current attorney did not provide a declaration in support of the section 1473.7 motion showing that plea counsel was unable or unwilling to provide a declaration.

2. *Defendant Has Failed to Establish Prejudice*

Even if the advisory on the plea form was inadequate or defendant did not meaningfully understand the consequences of his plea, he has failed to establish that he was prejudiced. "What someone seeking to withdraw a plea under section 1473.7 must show is more than merely an error 'damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences' of the plea. [Citation.] The error must also be 'prejudicial.'" (*Vivar*, *supra*, 11 Cal.5th at p. 528; § 1473.7, subd. (a)(1). "[P]rejudicial error … means demonstrating a reasonable probability that the defendant would have rejected the plea if [he] had correctly understood its actual or potential immigration consequences." (*Vivar, supra,* 11 Cal.5th at p. 529.)

Defendant argues that he would not have taken the plea deal if he had known the mandatory consequence of being deported since he had strong family ties here, he had resided in the United States for 16 years, he graduated from high school in California, he was employed here fulltime, and he had no meaningful connection to Mexico. Defendant contends that if he had been properly informed of the consequences of his plea, he would have been willing to go to trial or seek an immigration-safe plea. His declaration

13

contains the only direct evidence presented as to whether he would have taken the plea had he been aware of the immigration consequences. However, defendant's claim "must be corroborated by evidence beyond the defendant's self-serving statements." (*Abdelsalam*, *supra*, 73 Cal.App.5th at p. 664; *Vivar*, *supra*, 11 Cal.5th at p. 530 ["when a defendant seeks to withdraw a plea based on inadequate advisement of immigration consequences, we have long required the defendant corroborate such assertions with "'objective evidence'"]; see also, *Bravo*, *supra*, 69 Cal.App.5th at p. 1074 ["'a defendant's self-serving statement – after trial, conviction, and sentence – that with competent advice he or she *would* have accepted [or rejected] a proffered plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence'"].) We note that defendant's declaration demonstrates extensive familial ties in the United States in that most of his family members reside here. However, his declaration provides no statement regarding his involvement in the lives of his child or extended family or the extent of his interaction with them.

Similarly, there are no facts or objective evidence to support defendant's contention that he had strong employment ties to the community. His declaration merely stated that he worked fulltime at Forever 21 for an unspecified period of time. He did not attach any paystubs or an employer declaration. We also note defendant did not state in his declaration that he told his plea counsel his priority was to remain in the United States

14

with his family and job, in order for his counsel to try to mitigate the consequences of the plea.

Defendant did state in his declaration that he would not have pled guilty if he knew he was going to be deported, and he would have insisted on going to trial or sought an alternative plea agreement that did not have such severe immigration consequences. However, contrary to his assertions that he would not have plead guilty if he knew he would be deported, that is exactly what he did when confronted with the same situation in 2021 when he also suffered another domestic violence conviction and had been advised his plea "will" result in deportation. Such evidence strongly suggests that immigration consequences were not defendant's primary concern in entering his plea. Additionally, defendant suggested in his declaration that he would have gone to trial because he thought he could win the case. This again points to factors other than immigration consequences that defendant was concerned with in deciding whether to go to trial or plead guilty.

Moreover, defendant failed to present evidence that at the time of the plea, he "had reason to believe an immigration-neutral negotiated disposition was possible." (*Vivar, supra*, 11 Cal.5th at p. 530.) Similarly, there is no suggestion that defendant's counsel did not attempt to negotiate such a disposition. (*People v. Perez* (2018) 19 Cal.App.5th 818, 830 (*Perez*) [there was no indication in the record that defense counsel did not attempt to negotiate an immigration safe disposition].)

15

Defendant asserts "the record indicates an alternative plea, with 'less damaging immigration consequences' was available to [him]." He states he could have pled guilty to domestic battery (§ 243, subd. (e)(1)), which is not a deportable offense. He further notes that he received probation here and the prosecutor did not oppose a reduction to a misdemeanor if he had no probation violations. Defendant then claims that "the availability of a probationary and county jail sentence of comparable length, coupled with the evidentiary problems posed by a non-cooperative witness, indicate a likelihood that the prosecution would have accepted an alternate plea to domestic battery." However, defendant only speculates, with no corroborating evidence, that his plea counsel did not attempt to secure an immigration-safe plea to domestic battery and that the prosecutor would have agreed to such. In *Perez*, *supra*, 19 Cal.App.5th 818, as in this case, there was "no indication in the record that the prosecution was willing to agree to an immigration safe disposition." (*Id.* at p. 830; see also, *Ibid.* ["[a]n appellant has the burden of establishing, based on the record on appeal and based on facts, not speculation, that counsel rendered ineffective assistance of counsel"].)

Based on the evidence submitted in support of defendant's motion and the totality of the circumstances, we conclude defendant did not carry his burden of showing prejudicial error. Accordingly, the court properly denied his motion.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS

J.

We concur:

CODRINGTON

Acting P. J.

RAPHAEL

J.

17